**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ENDEAVOR REAL ESTATE GROUP, LTD., | § | |
| *Plaintiff,* | § | |
| v. | § | Case No: _______________ |
| ENDEAVOR GROUP REAL ESTATE, LLC, RICHARD RUBIN, NISHANT "NEAL" PATEL, and NAVINBHAI "SUNNY" PATEL | § | **Jury Trial Demanded** |
| *Defendants.* | § | |

**<u>Complaint</u>**

Plaintiff Endeavor Real Estate Group, Ltd. ("Endeavor") complains against defendants Endeavor Group Real Estate, LLC ("EGRE"), Richard Rubin ("Rubin"), Nishant "Neal" Patel ("Neal Patel"), and Navinbhai "Sunny" Patel ("Sunny Patel") (collectively, "Defendants") as follows:

***Introduction***

1. This case arises from Defendants' infringement of Endeavor's trademarks, under which Endeavor has operated continuously for over 27 years. Indeed, Defendants have willfully misappropriated Endeavor's name, causing consumer confusion and damaging Endeavor's reputation in the commercial real estate market. Therefore, Endeavor brings this suit to protect its valuable trademark rights and its reputation in the face of Defendants' ongoing, intentional infringement, and to prevent Defendants from continuing to harm both.

2. Endeavor is a nationally recognized, full-service commercial real estate firm. During its nearly 30 years in the commercial real estate business, Endeavor has consistently identified itself and marketed its services under the marks "ENDEAVOR," "ENDEAVOR REAL ESTATE," "ENDEAVOR REAL ESTATE GROUP," and "ENDEAVOR REAL ESTATE GROUP, LTD." (the "ENDEAVOR Trademarks"). Each of the ENDEAVOR Trademarks relies on the dominant term "Endeavor" to create the overall commercial impression for the mark.

3. Through the inherently distinctive nature of the ENDEAVOR Trademarks, their conceptual and commercial strength, Endeavor's extensive marketing investment, and their continuous and exclusive use, the ENDEAVOR Trademarks have become widely known, carry considerable goodwill, and are closely identified with Plaintiff's real estate projects and services throughout the United States of America.

4. Defendants, without authorization, adopted the confusingly similar name "Endeavor Group Real Estate"—a mere transposition of words from Plaintiff's "Endeavor Real Estate Group" name—and are using that nearly identical name in connection with commercial real estate projects and services that directly overlap with Plaintiff's services. For example, Defendants are using the ENDEAVOR Trademarks in connection with a senior living facility known as Manor Independent Living, located at 8000 Calmont Avenue, Fort Worth, Texas (also known as the Las Vegas Trail neighborhood) (referred to in this Complaint as the "Manor Facility").

5. Defendants' poor operation of the Manor Facility has led to significant negative publicity, including this headline on television station WFAA's website: "Fort Worth residents of Las Vegas Trail senior complex describe mold, pests, plumbing problems."[1] *Fort Worth Report* news published an article in March 2025 discussing EGRE's initial acquisition of the Manor Facility that routinely refers to EGRE simply as "Endeavor," Plaintiff's registered trademark (as discussed below).[2] The same publication recently published a story entitled, "They call a Fort Worth senior living community home. Then trash began piling up." The story correctly references EGRE as the owner of the Manor Facility but mistakenly states that "Manor Independent Living was the Austin company's first venture into senior housing."[3] EGRE is a Wyoming limited liability company, while Plaintiff Endeavor is headquartered in Austin. In other words, this story conflates EGRE with Plaintiff Endeavor and associates Plaintiff with the Manor Facility and its poor conditions.

6. These news stories create a connection in the minds of consumers between Defendants' mismanagement of the Manor Facility and Plaintiff. As a result, Defendants' unauthorized use of the ENDEAVOR Trademarks has caused

[1] https://www.wfaa.com/article/news/local/tarrant-county/fort-worth-residents-of-las-vegas-trail-senior-complex-describe-mold-pests-plumbing-problems/287-017335d3-7c3a-44ff-af5d-49bf10eadc65; visited 10/9/2026.

[2] https://fortworthreport.org/2025/03/22/bob-on-business-aviation-supplier-lands-at-alliance/; visited 10/9/2026.

[3] https://fortworthreport.org/2026/08/25/they-call-a-fort-worth-senior-living-community-home-then-trash-began-piling-up/; visited 10/9/2026.

actual confusion among the public and is causing irreparable harm to Plaintiff's goodwill, reputation, and trademark rights.

7. On August 28, 2026, Plaintiff Endeavor wrote to Defendant EGRE and the individual defendants, demanding that they stop using the ENDEAVOR Trademarks. Defendants did not respond. Therefore, Plaintiff Endeavor brings this action for federal trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); injury to business reputation and dilution under Texas Business and Commerce Code § 16.103; and unfair competition under Texas common law.

***The Parties***

8. Plaintiff Endeavor Real Estate Group, Ltd. is a limited partnership duly organized and existing under the laws of the State of Texas. Endeavor has its principal place of business and headquarters at 500 West 5th Street, Suite 700, Austin, Texas. Endeavor is a national full-service commercial real estate firm engaged in the investment, design, development, construction, management, and leasing of industrial, commercial, multifamily, and mixed-use real estate in Fort Worth, across Texas, and throughout the United States of America.

9. Defendant Endeavor Group Real Estate, LLC is a limited liability company organized and existing under the laws of the State of Wyoming. EGRE has a registered address at 30 N. Gould St., Ste. N, Sheridan, Wyoming. On information and belief, EGRE also maintains a place of business at 620 13th St., Manhattan Beach, California. EGRE also conducts business in Fort Worth, Texas (c/o Manor

Independent Living, 8000 Calmont Avenue, Fort Worth, Texas) and Birmingham, Alabama (c/o Irnhaus, 7941 Crestwood Blvd., Birmingham, Alabama).

10. Defendant Richard Rubin is a natural person. Rubin is the Chief Executive Officer of EGRE. On information and belief, Rubin is a founder of EGRE. On information and belief, Rubin is a member of EGRE. On information and belief, Rubin resides in Marina Del Rey, California. As a founder and member of EGRE, Rubin has participated in, directed, controlled, and benefited from the infringing activities described in this Complaint and is vicariously and personally liable for the acts of EGRE.

11. Defendant Nishant Patel, also known as Neal Patel, is a natural person. On information and belief, Neal Patel is a member of EGRE. On information and belief, Neal Patel resides in Georgetown, Texas. As a member of EGRE, Neal Patel has participated in, directed, controlled, and benefited from the infringing activities alleged herein and is vicariously and personally liable for the acts of EGRE.

12. Defendant Navinbhai Patel, also known as "Sunny Patel," also known as Avi Patel, is a natural person. On information and belief, Sunny Patel is a member of EGRE. On information and belief, Sunny Patel resides in Pflugerville, Texas. As a member of EGRE, Sunny Patel has participated in, directed, controlled, and benefited from the infringing activities alleged herein and is vicariously and personally liable for the acts of EGRE.

### ***Jurisdiction and Venue***

13. Endeavor's claims arise under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*., Tex. Bus. & Com. Code § 16.103, and under Texas common law. Endeavor's state law claims arise from the same nucleus of operative facts as Endeavor's Lanham Act claims and form part of the same case or controversy.

14. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

15. This Court has personal jurisdiction over Defendants because EGRE regularly conducts business within this judicial district and has committed one or more of the acts complained of in this Complaint within this judicial district, including knowingly using Plaintiff's ENDEAVOR Trademarks in connection with Defendants' commercial real estate projects and services. For example, in or about May 2024, EGRE acquired and since then has continuously operated a senior living facility known as Manor Independent Living. The Manor Facility is located at 8000 Calmont Avenue, Fort Worth, Texas. EGRE's acquisition and operation of the Manor Facility under the "Endeavor" name has caused consumer confusion and is part of the basis for this lawsuit. For example, on or about August 20, 2026, and August 21, 2026, residents of EGRE's Manor Facility called Plaintiff Endeavor's offices in Austin, Texas, mistakenly believing they were contacting EGRE about property management matters at the Manor Facility. And, as described in Paragraph 5 above, the August 25, 2026, *Fort Worth Report* story mistakenly states Defendants are based at Plaintiff Endeavor's Austin headquarters.

16. Defendants Richard Rubin, Neal Patel, and Sunny Patel also are subject to this Court's personal jurisdiction because Rubin is a founder of and is the Chief Executive Officer of EGRE. On information and belief, Neal and Sunny Patel are members of EGRE. As such, all three individual defendants have participated in, directed, controlled, and benefited from the infringing activities described in this Complaint, including the infringing activities taking place in Fort Worth, Texas, and are vicariously and personally liable for the acts of EGRE. In addition, Neal and Sunny Patel are residents of the State of Texas.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Defendant EGRE conducts business within the Northern District of Texas. For example, Defendants have operated and continue to operate the Manor Facility located in Fort Worth, Texas. In addition, a substantial part of the events and omissions giving rise to this action occurred in this Northern District of Texas, including Defendants causing actual confusion among consumers located in Fort Worth, Texas and intentionally inflicting severe damage to Plaintiff Endeavor's reputation in the Northern District of Texas.

***Factual Background***
***Plaintiff Endeavor Real Estate Group, Ltd.***

18. Plaintiff Endeavor is a nationally recognized, full-service commercial real estate firm that has operated continuously since at least March 1999—over 27 years. Endeavor is headquartered in Austin, Texas, and provides a comprehensive range of real estate projects and services, including investment, design, development, construction, management, and leasing of industrial, commercial,

multifamily, and mixed-use real estate properties throughout the State of Texas (including in the Dallas-Fort Worth Metroplex) and throughout the United States of America.

19. Since its inception, Endeavor has actively promoted its brand, including its ENDEAVOR Trademarks. For example, over the course of the past two years, Endeavor has spent more than $1.5 million on marketing that included the ENDEAVOR Trademarks. This marketing included events, investor relations, community relations, physical signage, public relations, and website and digital marketing all promoting Endeavor's real estate services provided in connection with the ENDEAVOR Trademarks. Endeavor has established itself as a prominent and highly recognized real estate firm throughout the nation. To date, Endeavor has $7.6 billion in real estate assets, and has acquired, developed, or has in development approximately 36.7 million square feet of commercial and mixed-use space. Additionally, Endeavor has planned, constructed, leased, or sold more than 14,000 multifamily units throughout the United States of America.

20. Altogether, through its decades of operations, Endeavor has built substantial goodwill and an outstanding reputation in the commercial real estate industry under the ENDEAVOR Trademarks.

### ***Plaintiff's Trademark Rights***

21. Endeavor first used its ENDEAVOR Trademarks in commerce at least as early as March 1, 1999. Endeavor has used its ENDEAVOR Trademarks

exclusively and continuously in connection with its real estate projects and services for over 27 years.

22. Endeavor registered the word mark "ENDEAVOR" (in standard characters) on the Principal Register of the United States Patent and Trademark Office on December 10, 2024, in International Class 36, identifying the services "real property leasing and management services; investment management services for others in the field of industrial, commercial, multi-family, and mixed-use real estate; consulting services, namely, providing representation services in the nature of real estate agent services for tenants in commercial real property leasing matters." Endeavor is the owner of U.S. Trademark Registration No. 7,600,938 (the "'938 Registration").

23. Endeavor also registered the word mark "ENDEAVOR" (in standard characters) on the Principal Register of the United States Patent and Trademark Office on July 22, 2025, in International Class 37, identifying the services "real estate development and construction of commercial and hotel property; commercial real property construction project management services." Endeavor is the owner of U.S. Trademark Registration No. 7,870,735 (the "'735 Registration"). (Together, the '938 and the '735 Registrations are referred to as the "ENDEAVOR Registrations" in this Complaint.)

24. True and correct copies of the registration certificates for the ENDEAVOR Registrations are attached to this Complaint as Exhibit A.

25. Because the term "endeavor" has nothing to do with real estate services, the ENDEAVOR Trademarks are considered arbitrary, entitling them to the broadest scope of protection under the law.

26. By virtue of Endeavor's longstanding, exclusive, and continuous use, the ENDEAVOR Trademarks have become widely known and closely identified with Endeavor's high-quality real estate projects and services in Texas.

27. The ENDEAVOR Trademarks are widely recognized by the public throughout Texas, and elsewhere, as a designation of source of Endeavor's services and have achieved fame in Texas, and elsewhere, by virtue of the duration, extent, and geographic reach of Endeavor's advertising and publicity in this state; the amount, volume, and geographic extent of sales of services offered under the ENDEAVOR Trademarks in Texas; the extent of actual recognition of the ENDEAVOR Trademarks in Texas; and the ENDEAVOR Registrations on the United States Patent and Trademark Office's Principal Register.

***Defendants' Infringing Conduct***

28. Defendant EGRE was formed in the State of Wyoming on or about November 28, 2023, under the name "Endeavor Group Real Estate, LLC." EGRE's name, "Endeavor Group Real Estate, LLC," is nearly identical to Plaintiff's "Endeavor Real Estate Group" name and constitutes a mere transposition of the same words.

29. EGRE and Defendants Rubin, Neal Patel, and Sunny Patel use the term "Endeavor" prominently in EGRE's entity name, on its websites (including

theegre.com and manorindependentliving.com), and in connection with real estate projects and services, including the acquisition, management, and operation of residential and multifamily properties and associated websites.

30. EGRE maintains a website at the URL manorindependentliving.com. On that website, EGRE has published content referencing Plaintiff Endeavor. The following is a true and correct screenshot taken from that website, found at URL https://manorindependentliving.com/endeavor-group-real-estate-acquires-senior-living-facility-manor-independent-living-in-fort-worth/.



HOME ABOUT US FLOOR PLANS AMENITIES CONTACT US PAY RENT ONLINE PHONE: +1 (817) 406-7070 CONTACT US

Home » News » Endeavor Group Real Estate Acquires Manor Independent Living

MARCH 29, 2025

EGRE
Endeavor Group Real Estate

ENDEAVOR GROUP REAL ESTATE ACQUIRES MANOR INDEPENDENT LIVING

29 MAR. 2025 ○ BY JEN NEVILLE ○ IN NEWS ○ 0 LIKE

This acquisition marks EGRE's inaugural affordable independent living project

The property was acquired by EGRE in May 2024. The property is already operational with upgrades ongoing. Leasing begins April 1st, 2025.

Endeavor Group Real Estate (EGRE), an adaptive reuse and renewal company specializing in transforming older or distressed assets into newer modern affordable residential communities, has announced their acquisition of a Senior Living complex in Fort Worth, Texas with a total of 140 units available. The facility has been renamed Manor Independent Living.

Located in a submarket known as the "Las Vegas Trail," Manor Independent Living has undergone a yearlong renovation and change of programing that will make it a more affordable option for senior living.

Some of the key upgraded amenities will include:

- Three meals a day included in rent price – from $1,900 per month all bills paid
- 24/7 Concierge Access to Doctors/Medical
- Lounges, game rooms, amenity spaces all upgraded and added

"We were attracted to this property for many reasons, but first was the lack of affordable senior housing in the Fort Worth area," said Richard Rubin, Principal EGRE. "Hill Villa offers an opportunity to bring affordability and independent senior living to the market without a reliance on federal or state subsidies. This demonstrates EGRE's commitment to adaptive reuse and delivering affordable housing solutions in markets with strong demand."

Endeavor Real Estate Group is an Austin, Texas based full-service commercial real estate firm that enhances value with a creative approach to investment, design, management, and leasing of retail, office, industrial, self-storage, mixed-used and multifamily properties. Endeavor is committed to sustainable, meaningful, and high-quality projects that enhance surrounding communities and exceed stakeholder expectations. Since its inception in 1999, Endeavor has developed and/or acquired more than 21.8 million square feet of realized commercial real estate. With 190 employees, 11,100 multifamily units in planning, under construction, in leasing or sold, 8.9 million square feet of office, industrial and retail space under management and 1.4 million square feet currently under construction, Endeavor is the largest full-service commercial real estate firm in Austin and a premiere, award-winning firm, nationally.

SENIOR LIVING

PREV

Endeavor Real Estate Group is an Austin, Texas based full-service commercial real estate firm that enhances value with a creative approach to investment, design, management, and leasing of retail, office, industrial, self-storage, mixed-used and multifamily properties. Endeavor is committed to sustainable, meaningful, and high-quality projects that enhance surrounding communities and exceed stakeholder expectations. Since its inception in 1999, Endeavor has developed and/or acquired more than 21.8 million square feet of realized commercial real estate. With 190 employees, 11,100 multifamily units in planning, under construction, in leasing or sold, 8.9 million square feet of office, industrial and retail space under management and 1.4 million square feet currently under construction, Endeavor is the largest full-service commercial real estate firm in Austin and a premiere, award-winning firm, nationally.

CATEGORIES
NEWS (5)

RECENT POSTS
TARRANT COUNTY, TX BASED AFFORDABLE STATE OF THE ART SENIOR LIVING COMPLEX WELCOMING VETERANS, VOUCHER HOLDERS, AND ADULTS 55+
5 SEP. 2025
THE PRINCIPLE OF SMART LIVING FOR THE ELDERLY:COMFORT, SAFETY, AND INDEPENDENCE
30 MAR. 2025
ENDEAVOR GROUP REAL ESTATE ACQUIRES MANOR INDEPENDENT LIVING
29 MAR. 2025

NEWSLETTER
We promise not to spam you!
Full Name
Email Address
Phone Number
SUBMIT REQUEST

TAGS
AFFORDABLE HOUSING HOUSING PROGRAMS RENTAL ASSISTANCE SENIOR LIVING VETERANS

CONTACT INFO
CALL +1 (817) 406-7070
RENTALS@EGREPM.COM
8000 CALMONT AVE, FO[...] TX 76116

MANOR INDEPENDENT LIVING

© 2025 MANOR INDEPENDENT LIVING. ALL RIGHTS RESERVED

https://manorindependentliving.com/endeavor-group-real-estate-acquires-senior-living-facility-manor-independent-living-in-fort-worth/
151.0.4129.78
Microsoft Windows 11 Enterprise 25H2 (64-bit Build 26200)
10/9/2026 2:54:12 PM

31. The final paragraph displayed on EGRE's website above includes text written by Plaintiff Endeavor and copied by Defendants verbatim. That text describes Plaintiff Endeavor's Austin, Texas headquarters and the size and scope of

Plaintiff Endeavor's business, falsely attributing those facts to Defendants. EGRE's content referencing Plaintiff creates confusion between EGRE and Plaintiff Endeavor. EGRE's website is designed to pass off EGRE's services as those of, or as associated with, Plaintiff Endeavor.

32. Defendant EGRE also has issued one or more press releases identifying itself as "Endeavor." The following is a true and correct screenshot taken from URL https://www.businesswire.com/news/home/20250129290541/en/Endeavor-Group-Real-Estate-EGRE-Demands-Landlords-Housing-Organizations-Developers-and-Local-State-and-Federal-Government-Immediately-Work-to-Convert-Vacant-Office-Space-in-CA-to-Housing.

businesswire A BERKSHIRE HATHAWAY COMPANY Newsroom Services & Solutions Resources For Journalists

Jan 29, 2025 4:07 PM Eastern Standard Time

**Endeavor Group Real Estate (EGRE) Demands Landlords, Housing Organizations, Developers, and Local, State, and Federal Government Immediately Work to Convert Vacant Office Space in CA to Housing**

Share

*Millions of Square Feet of Unused Space in LA and Surrounding Area Currently Sit Unused*

LOS ANGELES--(BUSINESS WIRE)--Endeavor Group Real Estate (EGRE), a Wyoming-based real estate firm, today announces a call to action on behalf of all Californians displaced by the fires recently. As some estimate upwards of 50K people are now seeking housing, whether their house burned down, or even if it survived is likely uninhabitable.

Richard Rubin, a Managing Partner at Endeavor, and local LA resident, has an extensive background of converting empty office spaces, malls, and hotels, into affordable and workforce housing without the use of LIHTC or any other federally funded programs. He sees a chance to help displaced people among the ruin of the fires, and to keep rents from skyrocketing as they are currently doing, with some suggesting landlords are raising rents by as much as 200%+.

10/13/2026 8:48:35 PM

33. Defendant EGRE operates out of multiple locations across the United States of America. For example, EGRE operates the Manor Facility in Fort Worth, Texas. EGRE acquired the Manor Facility in or around May 2024. The Manor Facility's website directs interested parties to contact EGRE by email at "RENTALS@EGREPM.COM."

34. EGRE's operation of the Manor Facility has attracted negative publicity. Residents of the Manor Facility report plumbing failures, including sewage flooding at least one apartment. Residents of the Manor Facility report mold infestation, including fungi growing from the carpet. Residents of the Manor Facility report pest infestation, including cockroaches. The Manor Facility has been accused of approximately 100 Fort Worth building code violations.

35. Fort Worth City Councilman Michael Crain has called the situation "dire" and described the Manor Facility as a "sinking ship." Mr. Crain also has stated that property ownership has been "unresponsive" and is thousands of dollars behind on water and utility bills, stating, "we know they will be cut off at some point for non-payment."

36. Additional examples of EGRE's mismanagement of the Manor Facility include storing trash in unoccupied units after garbage collection ceased due to unpaid bills, water leaks, missing ceiling tiles, broken elevators, and failure to provide promised meal services and activities.

37. True and correct copies of news stories appearing in the *Fort Worth Report* and on WFAA's website are attached to this Complaint as Exhibit B. The

*Fort Worth Report* story dated August 25, 2026, specifically identifies “Endeavor Group Real Estate” as the owner of the Manor Facility.

38. On or about October 28, 2026, Fort Worth Municipal Court Judge Claudia Martinez held a hearing on the alleged building code violations at the Manor Facility. At that hearing, Code Enforcement Officer Larry Runnels described the conditions that residents of the Manor Facility faced, including water leaks, fungus growing out of hallway carpet, electrical hazards, an out-of-order elevator, and holes in walls and ceilings. Mr. Runnels also noted that trash previously was piled into vacant units after garbage pickup ceased due to nonpayment.

39. Judge Martinez declared the Manor Facility “substandard” and ordered EGRE to make repairs within 30 days or face a $1,000-per-day fine. Judge Martinez stated to EGRE, “To take advantage of that and say, ‘well it’s OK that there’s fungus growing in the hallway because our residents like it there and don’t want to move,’ is just absolutely ridiculous.” “To say residents want to live here-but they might not have any water, but that’s OK, they don’t want to move, they like living here—is just absolutely ridiculous.”

40. After that hearing, on November 3, 2026, the *Dallas Morning News* reported that the water at the Manor Facility is scheduled to be shut off on November 18 due to nonpayment.[4]

41. A true and correct copy of the *Dallas Morning News* article describing the October 28, 2026, hearing is attached to this Complaint as Exhibit C.

---

[4] https://www.dallasnews.com/news/texas/article/fort-worth-judge-orders-repairs-troubled-senior-22509636.php; visited 11/6/2026.

42. On information and belief, individuals associated with EGRE have represented or implied an affiliation with Plaintiff Endeavor. For example, materials bearing Plaintiff Endeavor's name were found at EGRE's Manor Facility. Persons working with that property have stated they believe EGRE was attempting to pass itself off as Plaintiff Endeavor in the Fort Worth area.

43. As a result, EGRE's unauthorized use of Plaintiff's name, including the ENDEAVOR Trademarks, is causing actual confusion and severe, irreparable damage to Plaintiff Endeavor's reputation and goodwill, especially in light of Defendants' use of "Endeavor" in connection with their mismanagement of the Manor Facility.

***Actual Confusion***

44. Defendants' use of the "Endeavor" name in connection with their real estate projects and services has caused and continues to cause actual confusion among members of the public. On multiple occasions, including on or about August 20, 2026, and August 21, 2026, residents of EGRE's Manor Facility called Plaintiff Endeavor's offices in Austin, Texas, mistakenly believing they were contacting EGRE about property management matters at the Manor Facility.

45. For example, an individual named Sheena Gunter called Plaintiff Endeavor's offices multiple times seeking to pay rent and report maintenance issues at the Manor Facility, believing she was calling Defendant EGRE, rather than Plaintiff Endeavor. Endeavor's personnel have received additional calls from other

individuals similarly confused about the identity of Defendant EGRE and Plaintiff Endeavor.

46. As described in Paragraph 5 above, the August 25, 2026, *Fort Worth Report* story mistakenly states Defendants are based at Plaintiff Endeavor's Austin headquarters.

47. This actual confusion demonstrates the likelihood—and reality—of consumer confusion resulting from Defendants' use of the ENDEAVOR Trademarks in connection with real estate projects and services, including their mismanagement of the Manor Facility, all of which severely and negatively impact Plaintiff Endeavor's reputation.

***Likelihood of Confusion***

48. The likelihood of confusion factors described in the Fifth Circuit's "digits of confusion" test weigh heavily in Plaintiff Endeavor's favor:

49. ***Strength of the Mark.*** The ENDEAVOR Trademarks are strong and distinctive. The term "endeavor" is arbitrary as applied to real estate services. Endeavor has used the ENDEAVOR Trademarks exclusively and continuously for over 27 years. The ENDEAVOR Trademarks are registered on the Principal Register, as reflected in the ENDEAVOR Registrations. Endeavor has invested substantial sums in marketing and promoting the ENDEAVOR Trademarks, including more than $1.5 million in marketing in just the last two years, and the ENDEAVOR Trademarks are widely recognized in the real estate industry.

50. ***Similarity of the Marks.*** Plaintiff Endeavor owns the ENDEAVOR Trademarks, including the ENDEAVOR Registrations. Defendants operate under the name "Endeavor Group Real Estate." Defendants also use "Endeavor," standing alone, in their marketing materials. As such, Defendants are using a name that is identical to Plaintiff Endeavor's ENDEAVOR Trademarks as well as virtually identical to Plaintiff's full name "Endeavor Real Estate Group." Both rely on the same dominant first word, "ENDEAVOR," to create their overall commercial impression, followed by the same descriptive words "GROUP" and "REAL ESTATE" in transposed order, which makes the marks nearly indistinguishable.

51. ***Similarity of the Services.*** Both Endeavor and Defendants operate in the real estate industry, providing real estate acquisition, development, management, and leasing services. The services are identical or closely related.

52. ***Similarity of Channels of Distribution and Consumers***. Both Plaintiff Endeavor and Defendants operate throughout the United States of America. Plaintiff Endeavor has its principal office in Austin, Texas and provides real estate projects and services in Fort Worth and throughout the Dallas-Fort Worth Metroplex. EGRE operates at least the Manor Facility in Fort Worth, Texas.

53. ***Actual Confusion.*** As described above, actual confusion has already occurred. Members of the public have contacted Endeavor's offices in Austin believing they were reaching Defendants about property management matters at Defendants' Manor Facility. And, as described in Paragraph 5 above, the August 25,

2026, *Fort Worth Report* story mistakenly states Defendants are based at Plaintiff Endeavor's Austin headquarters.

54. ***Defendants' Intent.*** On information and belief, Defendants adopted the "Endeavor Group Real Estate" name with knowledge of Plaintiff Endeavor's prior rights and with the intent to capitalize on the goodwill and reputation associated with Plaintiff's ENDEAVOR Trademarks. Defendants' choice of a virtually identical name in the same industry, their publication of content referencing Plaintiff Endeavor on their website, their verbatim copying of text describing Plaintiff Endeavor and attributing those facts to EGRE, and the presence of materials bearing Plaintiff Endeavor's name at Defendants' property all support an inference of intentional infringement.

***Individual Defendants' Liability***

55. Defendant Richard Rubin is the Chief Executive Officer of EGRE. On information and belief, Rubin is a founder and member of EGRE. On information and belief, Rubin directs and controls EGRE's day-to-day operations, including its unauthorized use of the ENDEAVOR Trademarks in commerce. On information and belief, Rubin is and has been aware of Plaintiff's ENDEAVOR Trademarks and has directed and controlled EGRE's infringing use of those marks at the Manor Facility. On information and belief, Rubin has personally directed, controlled, ratified, participated in, materially contributed to, and benefited from the infringing activities described in this Complaint.

56. On information and belief, Defendants Neal Patel and Sunny Patel are members of EGRE. On information and belief, Neal Patel and Sunny Patel participate in directing and controlling EGRE's operations, including its unauthorized use of the ENDEAVOR Trademarks in commerce. On information and belief, Neal Patel and Sunny Patel are and have been aware of Plaintiff's ENDEAVOR Trademarks and have directed and controlled EGRE's use of those marks at the Manor Facility. On information and belief, Neal Patel and Sunny Patel have personally directed, controlled, ratified, participated in, materially contributed to, and benefited from the infringing activities described in this Complaint.

***Defendants' Willful Infringement***

57. On or about August 28, 2026, Plaintiff Endeavor, through its counsel, sent a letter to Defendants via Federal Express, U.S. Mail, and email, demanding Defendants immediately cease all use of the ENDEAVOR Trademarks, delete all infringing webpages and social media content, change their entity name, and provide written confirmation of compliance by September 4, 2026. A true and correct copy of Endeavor's August 28, 2026, letter is attached to this Complaint as Exhibit D.

58. Defendants failed to comply with, or even respond to, Endeavor's August 28, 2026, cease-and-desist letter. Defendants have continued to use the ENDEAVOR Trademarks in connection with their real estate projects and services since August 28, 2026.

***Count I***
***Lanham Act Violation — Federal Trademark Infringement***
***15 U.S.C. § 1114***
*(Against All Defendants)*

59. Endeavor incorporates the allegations set forth in Paragraphs 1-58 of this Complaint by reference into this Count I as though set forth herein.

60. Endeavor owns the valid and enforceable ENDEAVOR Registrations. Accordingly, it has the exclusive right to use the mark "ENDEAVOR" in commerce in connection with the services identified in the ENDEAVOR Registrations. *See* Exhibit A.

61. Defendants have used, reproduced, copied, and imitated the ENDEAVOR Trademarks in association with their real estate projects and services without Endeavor's permission in violation of the exclusive rights the ENDEAVOR Registrations afford.

62. Defendants' use of the ENDEAVOR Trademarks in commerce has caused actual confusion and is likely to continue to cause confusion, mistake, and deception as to the source, affiliation, connection, and association of Defendants' infringing services in violation of 15 U.S.C. § 1114.

63. As a direct and proximate result of Defendants' infringing conduct, Endeavor has suffered irreparable harm, including damage to the goodwill and reputation associated with the ENDEAVOR Trademarks, loss of control over the quality of services provided under the ENDEAVOR Trademarks, and consumer confusion, for which there is no adequate remedy at law. For example, EGRE's unauthorized use of the ENDEAVOR Trademarks in connection with its poor

operation of its Manor Facility has and will continue to irreparably tarnish Endeavor's reputation.

64. Unless enjoined by the Court, Defendants will continue to infringe the ENDEAVOR Trademarks as described in this Complaint and continue to cause irreparable damage and injury to Endeavor.

65. Defendants' actions complained of in this Complaint have unjustly enriched Defendants.

66. Defendants' actions have been willful, intentional, and in deliberate disregard of Plaintiff's trademark rights, making this case an exceptional case under 15 U.S.C. § 1117(a).

67. Defendant Rubin, as CEO and a founder and member of EGRE, has participated in, directed, controlled, and benefited from the acts of trademark infringement described in this Complaint, and is vicariously and personally liable for such acts. Defendants Neal Patel and Sunny Patel, as members of EGRE, have participated in, directed, controlled, and benefited from the acts of trademark infringement described in this Complaint, and are vicariously and personally liable for such acts.

## ***Count II***
## ***Lanham Act Violation — Federal Unfair Competition***
## ***15 U.S.C. § 1125(a)***
*(Against All Defendants)*

68. Endeavor incorporates the allegations set forth in Paragraphs 1-58 of this Complaint by reference into this Count II as though set forth herein.

69. Notwithstanding Endeavor's prior, continuous, and extensive use of the ENDEAVOR Trademarks, Defendants have used, reproduced, copied, and imitated the ENDEAVOR Trademarks in association with real estate projects and services without Endeavor's permission.

70. Defendants' use of terms, symbols, devices, names, or combinations thereof, or a false designation of origin, including Plaintiff's ENDEAVOR Trademarks, in commerce, has caused actual confusion and is likely to continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff Endeavor, or as to the origin, sponsorship, or approval of Defendants' services by Endeavor in violation of 15 U.S.C. § 1125(a).

71. As a direct and proximate result of Defendants' unfair competition, Endeavor has suffered irreparable harm, including damage to the goodwill and reputation associated with the ENDEAVOR Trademarks, loss of control over the quality of services provided under the "Endeavor" name, and consumer confusion, for which there is no adequate remedy at law. For example, EGRE's unauthorized use of the ENDEAVOR Trademarks in connection with its poor operation of its Manor Facility has and will continue to irreparably tarnish Endeavor's reputation.

72. Unless enjoined by the Court, Defendants will continue to engage in unfair competition as described in this Complaint and continue to cause irreparable damage and injury to Endeavor.

73. Defendants' actions complained of in this Complaint have unjustly enriched Defendants.

74. Defendants' actions have been willful, intentional, and in deliberate disregard of Plaintiff's rights, making this case an exceptional case under 15 U.S.C. § 1117(a).

75. Defendant Rubin, as CEO and a founder and member of EGRE, has participated in, directed, controlled, and benefited from the acts of unfair competition described in this Complaint, and is vicariously and personally liable for such acts. Defendants Neal Patel and Sunny Patel, as members of EGRE, have participated in, directed, controlled, and benefited from the acts of unfair competition described in this Complaint, and are vicariously and personally liable for such acts.

***Count III***
***Injury to Business Reputation and Dilution under***
***Tex. Bus. & Com. Code § 16.103***
*(Against All Defendants)*

76. Endeavor incorporates the allegations set forth in Paragraphs 1-58 of this Complaint by reference into this Count III as though set forth herein.

77. As set forth in Paragraphs 2–3 and 18–27 of this Complaint, Plaintiff Endeavor is the owner of the ENDEAVOR Trademarks, which are famous in Texas.

78. Defendants' use of the "Endeavor" name and confusingly similar variations thereof in connection with their commercial real estate projects and services is calculated to deceive the relevant consuming public into accepting and purchasing Defendants' infringing services in the mistaken belief that they are Endeavor's services, or that they are sponsored by, connected with, or supplied under the supervision of Endeavor.

79. Defendants began using the "Endeavor" name after the ENDEAVOR Trademarks became famous in Texas, and Defendants' use is likely to cause dilution of the ENDEAVOR Trademarks by blurring and by tarnishment in violation of Tex. Bus. & Com. Code § 16.103, regardless of the presence or absence of competition, actual or likely confusion, or actual economic injury. Such actions permit, and will continue to permit, Defendants to use and benefit from the goodwill and reputation earned by Endeavor, all at Endeavor's expense.

80. As a direct and proximate result of Defendants' injury to Endeavor's business reputation and dilution of the ENDEAVOR Trademarks, Endeavor already has suffered irreparable harm, including damage to Endeavor's goodwill and reputation, diversion of customers, and loss of business opportunities, for which there is no adequate remedy at law. For example, EGRE's unauthorized use of the ENDEAVOR Trademarks in connection with its poor operation of its Manor Facility has and will continue to irreparably tarnish Endeavor's reputation.

81. Unless enjoined by the Court, Defendants will continue to injure Endeavor's business reputation and dilute the ENDEAVOR Trademarks as described in this Complaint and continue to cause irreparable damage and injury to Endeavor.

82. Defendants' actions complained of in this Complaint have unjustly enriched Defendants. Defendants' activities entitle Endeavor to recover Defendants' profits and obtain damages for such acts of injury to business reputation and dilution.

83. Defendants' actions have been and are willful, intentional, malicious, and in bad faith, with full knowledge and conscious disregard of Endeavor's rights and with intent to cause confusion and dilution and to trade off Endeavor's goodwill in its trademarks, making this an exceptional case and entitling Endeavor to enhanced damages and attorneys' fees.

84. Defendant Rubin, as CEO and a founder and member of EGRE, has participated in, directed, controlled, and benefited from the acts of injury to business reputation and dilution described in this Complaint, and is vicariously and personally liable for such acts. Defendants Neal Patel and Sunny Patel, as members of EGRE, have participated in, directed, controlled, and benefited from the acts of injury to business reputation and dilution described in this Complaint, and are vicariously and personally liable for such acts.

## ***Count IV***
## ***Unfair Competition under Texas Common Law***
*(Against All Defendants)*

85. Endeavor incorporates the allegations set forth in Paragraphs 1-58 of this Complaint by reference into this Count IV as though set forth herein.

86. Endeavor enjoys common law trademark rights under the law of the State of Texas in the ENDEAVOR Trademarks used in commerce in the State of Texas and throughout the United States of America as evidenced in the registration certificates for the ENDEAVOR Registrations included with this Complaint as Exhibit A.

87. Notwithstanding Endeavor's prior, continuous, and extensive use of the ENDEAVOR Trademarks, Defendants have used, reproduced, copied, and imitated the ENDEAVOR Trademarks in association with real estate projects and services without Endeavor's permission.

88. Defendants' use of terms, symbols, devices, names, or combinations thereof, or a false designation of origin, including Plaintiff's ENDEAVOR Trademarks, in commerce, has caused actual confusion and is likely to continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Endeavor, or as to the origin, sponsorship, or approval of Defendants' services by Endeavor.

89. Defendants' unauthorized use of the ENDEAVOR Trademarks and the "Endeavor" name, and confusingly similar variations thereof, in connection with real estate projects and services in the State of Texas constitutes common law unfair competition, including trademark infringement, passing off, and misappropriation of Plaintiff Endeavor's goodwill.

90. As a direct and proximate result of Defendants' unfair competition, Plaintiff Endeavor has suffered and will continue to suffer actual damages to the goodwill and reputation associated with the ENDEAVOR Trademarks, loss of control over the quality of services provided under the "Endeavor" name, and consumer confusion, for which there is no adequate remedy at law. For example, EGRE's unauthorized use of the ENDEAVOR Trademarks in connection with its

poor operation of its Manor Facility has and will continue to irreparably tarnish Endeavor's reputation.

91. Unless enjoined by the Court, Defendants will continue to engage in unfair competition as described in this Complaint and continue to cause irreparable damage and injury to Endeavor.

92. Defendants' actions complained of in this Complaint have unjustly enriched Defendants.

93. Defendants' actions have been willful, intentional, and in deliberate disregard of Plaintiff's rights, making this case an exceptional case.

94. Defendant Rubin, as CEO and a founder and member of EGRE, has participated in, directed, controlled, and benefited from the acts of unfair competition described in this Complaint, and is vicariously and personally liable for such acts. Defendants Neal Patel and Sunny Patel, as members of EGRE, have participated in, directed, controlled, and benefited from the acts of unfair competition described in this Complaint, and are vicariously and personally liable for such acts.

## ***Prayer for Relief***

WHEREFORE, Plaintiff Endeavor Real Estate Group, Ltd. respectfully requests this Court enter judgment in favor of Endeavor and against Defendants on Counts I through IV of this Complaint, granting the following relief:

a) judgment in Plaintiff's favor and against all Defendants on each and every count set forth herein;

b) judgment that Defendants have infringed and are infringing Endeavor's ENDEAVOR Trademarks;

c) judgment that such infringement by Defendants was and is willful;

d) an award of damages and disgorgement of Defendants' profits and unjust enrichment attributable to their infringing activities pursuant to 15 U.S.C. § 1117, Tex. Bus. & Com. Code § 16.103, Texas common law, and any other applicable law or rule;

e) an order for an accounting of Defendants' profits and unjust enrichment;

f) an award of damages to Endeavor under Tex. Bus. & Com. Code § 16.103 for Defendants' willful dilution of the ENDEAVOR Trademarks;

g) an order that Defendants compensate Plaintiff Endeavor for the advertising or other expenses necessary to dispel any public confusion caused by Defendants' infringement of the ENDEAVOR Trademarks and other unlawful acts, and to redress all damage to Endeavor's reputation and goodwill;

h) an order preliminarily and permanently restraining and enjoining Defendants, and their officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with them who receive notice of this injunction from:

(i) using the ENDEAVOR Trademarks, or any confusingly similar mark, name, domain name (including https://theegre.com and https://manorindependentliving.com), designation, or colorable imitation thereof, in connection with real estate projects and services or any other goods or services which may in any way mislead or confuse anyone as to the source, affiliation, or sponsorship of such business;

(ii) otherwise infringing or diluting the distinctive quality of the ENDEAVOR Trademarks;

(iii) injuring Endeavor's business reputation or the goodwill associated with the ENDEAVOR Trademarks and otherwise unfairly competing, directly or indirectly, with Endeavor; and

(iv) causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval, or certification with or by Endeavor, or engaging in conduct tending to create a false commercial impression of Endeavor's services or any other conduct which tends to pass off Defendants' services as those of Endeavor;

i) an order directing Defendants to file with the Court, and to serve on Endeavor, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

j) an award to Endeavor of enhanced or treble damages to fully compensate Endeavor and punitive damages for the willful nature of Defendants' wrongful acts and because this is an "exceptional" case, pursuant to 15 U.S.C. § 1117, Tex. Bus. & Com. Code § 16.103, Texas common law, and any other applicable law or rule;

k) an award to Endeavor of its costs and expenses, including all reasonable attorneys' fees recoverable under the Lanham Act, Tex. Bus. & Com. Code § 16.103, Texas common law, and any other applicable law or rule;

l) an award to Endeavor of pre-judgment and post-judgment interest at the maximum rate allowed by law; and

m) such other and further relief as the Court deems just and equitable.

***Jury Demand***

Plaintiff Endeavor demands a trial by jury on all matters and issues properly tried to a jury pursuant to Federal Rules of Civil Procedure 38 and 39 and other applicable state and federal law.

Date: November 11, 2026

Respectfully submitted,

By: */s/ Arthur Gollwitzer III*

Arthur Gollwitzer III
Texas Bar No. 24073336
agollwitzer@jw.com
**JACKSON WALKER LLP**
100 Congress Avenue, Suite 1100
Austin, TX 78701
Telephone: (512) 236-2000
Fax: (512) 236-2002

Lee B. Hunt
Texas Bar No. 24082257
lhunt@jw.com
**JACKSON WALKER LLP**
777 Main Street, Suite 2100
Fort Worth, TX 76102
Telephone: (817) 334-7246
Fax: (817) 334-7290

***Counsel for Plaintiff***
***Endeavor Real Estate Group, Ltd.***